UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00077-RLV
(5:12-cr-00054-RLV-1)

| | |
|---|---|
| LUIS ENRIQUE GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Luis Enrique Garcia's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

**I.  BACKGROUND**

Petitioner pled guilty, pursuant to a plea deal, in federal district court to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Acceptance and Entry of Guilty Plea, Doc. No. 31.[1] The Court imposed a mandatory minimum sentence of 188 months. Stmnt. of Reasons, Doc. No. 43. Judgment was entered on December 18, 2013. J., Doc. No. 42.

Notwithstanding Petitioner's assertions to the contrary, he timely filed a pro se notice of appeal, Doc. No. 44,[2] and on September 30, 2014, the Fourth Circuit Court of Appeals issued an

---

[1] Unless otherwise indicated, document and docket entry citations that are not in parentheses come from Petitioner's underlying criminal case: United States v. Garcia, 5:12-cr-00054-RLV-1 (W.D.N.C.). Document and docket entry citations enclosed by parentheses are from the instant civil action.

[2] Petitioner asserts repeatedly that he did not appeal his conviction because his attorney never discussed his appeal rights in any way. (Mot. to Vacate 2-9, Doc. No. 1.)

1

opinion dismissing the appeal, in part, and affirming judgment, in part. United States v. Garcia, 583 F. App'x 265 (4th Cir. 2014) (unpublished). On August 24, 2015, Petitioner, through counsel, filed a motion in this Court for a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G.").[3] Doc. No. 59. On December 28, 2015, the Court entered an Order reducing Petitioner's sentence under Amendment 782 to 151 months' imprisonment. Doc. No. 61.

Petitioner filed the instant Motion to Vacate on April 22, 2017, when he placed in the prison mail system. Petitioner's grounds for relief are difficult to follow but all allege deficiencies on the part of trial counsel for failing to follow through on promises to obtain a reduced sentence. (Mot. to Vacate 4-6, 8, 13-14, Doc. No. 1.) Additionally, Petitioner claims that his plea was not knowing, intelligent, or voluntary because he did not understand what he was agreeing to. (Mot. to Vacate 8.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, which directs district courts to dismiss habeas motions when it plainly appears from the motion and any attached exhibits that the petitioner is not entitled to relief. Rule 4(b), 28 U.S.C.A. foll. § 2255. In conducting its review under Rule 4, the district court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2255(f). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the

---

[3] It should be noted that it was not trial counsel who filed this Motion but the Federal Defenders of Western North Carolina, Inc., which had undertaken a review of sentences imposed in the Western District of North Carolina to determine which prisoners were eligible for a reduction under Amendment 782.

petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

A federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)-(4). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to federal habeas statute of limitations).

The Court entered judgment in this case on December 18, 2013. J., Doc. No. 42. Petitioner's judgment became final for purposes of § 2255(f)(1) on or about December 29, 2014, 90 days after the Fourth Circuit denied Petitioner's direct appeal, and the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court expired. Clay v. U.S., 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The statute of limitations then ran for 365 days until it fully expired on or about December 29, 2015.

Thus, Petitioner had until December 29, 2015, to file a timely § 2255 motion. See § 2255(f)(1). As he did not file the instant Motion until April 22, 2017, it is untimely. See id.

3

Petitioner asserts that he did not file his § 2255 Motion within the statute of limitations because his attorney was supposed to file some motions in the federal district court to get Petitioner's sentence reduced but failed to follow through. (Mot. to Vacate 16.) To qualify for equitable tolling of the statute of limitations a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner's explanation demonstrates neither diligence in pursuing his rights nor that some extraordinary circumstance stood in his way and prevented timely filing of a federal habeas petition. According to Petitioner, counsel made promises regarding Petitioner's sentence either prior to his entering a guilty plea or when sentencing was concluded. Other than filing a direct appeal, Petitioner evidently has done nothing more than wait for his attorney to do what he allegedly promised. While it may be reasonable for a prisoner to wait for some short period of time for an attorney to take promised action, Petitioner has waited for more three years, which does not constitute diligence in pursuing his rights.

Moreover, Petitioner has failed to explain how counsel's alleged failure to seek reductions in Petitioner's sentence either during or after sentencing prevented him from filing a timely Motion to Vacate. See Holland, 560 U.S. at 649. An attorney's ineffectiveness is not considered an "extraordinary circumstance" external to a prisoner's own conduct. See, e.g.,

4

Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner). In sum, Petitioner has provided no explanation that justifies equitably tolling the statute of limitations.

## IV. CONCLUSION

Petitioner's § 2255 Motion to Vacate is untimely under 28 U.S.C. § 2255(f)(1). He has demonstrated neither diligence in pursuing his rights nor that an extraordinary circumstance external to his control prevented him from timely filing a Motion to Vacate. See Holland, 560 U.S. at 649. Consequently, Petitioner is not entitled to equitable tolling of the statute of limitations, and his Motion to Vacate shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2255(f)(1); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional

right).

**SO ORDERED.**

Signed: June 6, 2017

Richard L. Voorhees
United States District Judge